## Putnam Nail Co. *v.* Bennett *et al.*

*(Circuit Court, E. D. Pennsylvania.   October 6, 1890.)*

TRADE-MARK—INFRINGEMENT—FRAUD—PLEADING.

 A bill alleging that defendants have imitated complainant's method of bronzing horseshoe nails, which plaintiff used as a trade-mark, with the intention of deceiving the public into buying their goods instead of complainant's, states a charge of fraud, which should not be decided on demurrer, whether the method of bronzing is or is not a technical trade-mark.

In Equity.

Demurrer to complainant's bill, which averred that the defendants had imitated their method of bronzing horseshoe nails with the intention of deceiving the public into buying their goods instead of the complainants'.

*A. B. Weimer* and *F. M. Leonard,* in support of demurrer.

*Francis Rawle, Owen Wister,* and *Sydney G. Fisher,* for complainants.

BRADLEY, J., (*orally.*)   We are of opinion that sufficient averments are made to make it necessary for the defendants to answer the bill.   It is averred that—

"The defendants, well knowing the premises, and that your orator alone possessed the right to bronze horseshoe nails as a trade-mark, and to sell the same under the trade name, as above set forth, have willfully disregarded the same, and, intending to deceive purchasers and defraud the public and to injure your orator, have for some time past been engaged, and are still engaged, in the sale of horseshoe nails, not manufactured by your orator, but similar in appearance to those manufactured by your orator, which they have had bronzed and sold as bronzed horseshoe nails, under the name of 'Imperial Bronze, ' or other names, all containing the word 'Bronze;' and the said nails, so bronzed and sold by the defendants under the said name, have been and are of inferior quality to the nails bronzed and sold by your orator under their lawful trade-mark; and purchasers and consumers have been and are deceived and misled into buying the articles so bronzed and sold by the defendants in the belief that they were and are of the manufacture of your orator."

There is here a substantial fact stated,—that the public and customers have been, by the alleged conduct of the defendants, deceived and misled into buying the defendants' nails for the complainant's.   That averment is amplified in paragraph 4 of the bill.   Now a trade-mark, clearly such, is in itself evidence, when wrongfully used by a third party, of an illegal act.   It is of itself evidence that the party intended to defraud, and to palm off his goods as another's.   Whether this is in itself a good trade-mark or not, it is a style of goods adopted by the complainants which the defendants have imitated for the purpose of deceiving, and have deceived the public thereby, and induced them to buy their goods as the goods of the complainants.   This is fraud.   We think the case should not be decided on this demurrer, but that the demurrer should be overruled, and the defendants have the usual time to answer. The allegation that the complainant's peculiar style of goods is a trade-

mark may be regarded as a matter of inducement to the charge of fraud. The latter is the substantial charge, which we think the defendants should be required to answer.